IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARDONE INDUSTRIES, INC., | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 13-4484 |
| | : | |
| v. | : | |
| | : | |
| HONEYWELL INTERNATIONAL, INC., | : | |
| | : | |
| Defendant. | : | |

### MEMORANDUM OPINION

Smith, J.                                                                                                                         July 11, 2014

Presently before the Court is Defendant Honeywell International, Inc.'s Motion for Leave to File Amended Answer, Affirmative Defenses and Counterclaim. Doc. No. 46. For the following reasons, the Court will grant the Motion.

### I. BACKGROUND

On August 2, 2013, Plaintiff Cardone Industries, Inc. filed a Complaint alleging that Defendant breached multiple warranties concerning replacement roofs for several manufacturing buildings covering over 900,000 square feet. *See* Compl. at 1-11, Doc. No. 1. Following a Rule 16 Initial Pretrial Conference, Judge Timothy J. Savage issued a scheduling order on October 15, 2013. Doc. No. 13. After Defendant filed a Motion to Dismiss (Doc. No. 16), Plaintiff filed an Amended Complaint.[1] Doc. No. 17.

---

[1] In the Amended Complaint, Plaintiff alleges that Defendant's predecessor, AlliedSignal, Inc., was involved in the design approval and installation of a roofing system on some of Plaintiff's buildings in Philadelphia. Am. Compl. at ¶¶ 2, 14. Plaintiff alleges that AlliedSignal issued various warranties relating to the roofs (the "Warranties"), which are central to the present litigation. *Id.* at ¶ 22. Since 2000, the roofs have continually leaked, and Defendant has been unable to permanently fix the roofs. *Id.* at ¶¶ 31-32. After a review in 2011, Plaintiff asked that Defendant replace the roofs. *Id.* at ¶¶ 48, 52, 62. The cost of replacing the roofs is $15,000,000. *Id.* at ¶ 59. Based on these allegations, Plaintiff asserts three causes of action for breach of warranty. *Id*. at 13-20.

On November 18, 2013, Defendant filed a Motion to Dismiss the Amended Complaint. Doc. No. 20. While that motion was pending, the parties began discovery as directed by the Rule 16 scheduling order. *See* Pl.'s Br. in Opp. to Def.'s Mot. for Leave to File an Am. Answer, Affirmative Defenses and Countercl. ("Pl.'s Opp.") at 3, Doc. No. 48. On January 13, 2014, Judge Savage granted in part and denied in part the Motion to Dismiss the Amended Complaint.[2] Doc. No. 28.

On January 14, 2014, following a conference with counsel, Judge Savage issued an amended scheduling order. Doc. No. 31. Defendant filed an Answer to the Amended Complaint ("Answer") on January 30, 2014. Doc. No. 35. On March 19, 2014, Defendant filed the present Motion for Leave to File Amended Answer, Affirmative Defenses and Counterclaim. Plaintiff filed a Brief in Opposition to Defendant's Motion for Leave to File Amended Answer, Affirmative Defenses and Counterclaim on April 3, 2014, and Defendant filed a Reply in Support of Motion for Leave to Amend on April 10, 2014 ("Def.'s Reply"). Doc. Nos. 48, 49.

## II.  DISCUSSION

### A.  Relevant Legal Standard

The threshold issue in resolving a motion to amend is whether the motion is governed by Rule 15 or Rule 16 of the Federal Rules of Civil Procedure. Under Rule 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Under Rule 16(b), leave to amend the pleadings requires "good cause." Fed. R. Civ. P. 16(b). Rule 16 comes into play "once the pretrial scheduling order's deadline for filing motions to amend the pleadings has passed." *Price v. Trans Union, LLC*, 737 F. Supp. 2d 276, 279 (E.D. Pa. 2010);

---

[2] Judge Savage dismissed Plaintiff's claim for breach of an express warranty created by promotional materials. Doc. No. 28.

*see also Dimensional Comm'ns, Inc. v. Oz Optics, Ltd.*, 148 Fed. Appx. 82, 85 (3d Cir. 2005) (nonprecedential).

Plaintiff argues that the Rule 16(b) standard controls any decision to alter a scheduling order for purposes of making amendments to the pleadings. *See* Pl.'s Opp. at 5. Defendant argues that Rule 16(b) does not apply because the scheduling orders in this case failed to specifically impose any deadlines for the amendment of the Answer or the assertion of counterclaims. *See* Def.'s Reply at 2.

This Court's review of the docket shows that Judge Savage had ordered the parties to address deadlines to amend the pleadings, and that a scheduling order pursuant to Rule 16 was in place when Defendant filed the Motion to Amend.[3] The scheduling order did not provide an explicit deadline for amending the Answer or adding counterclaims, but the time for doing so has clearly passed.[4] Accordingly, the Court will first review the Motion to Amend under the Rule 16(b) standard. *See Briggs v. Air & Liquid Sys. Corp.*, No. 11-63521, 2012 WL 975875, at *1 (E.D. Pa. Feb. 13, 2012) (noting that the scheduling order did not contain a deadline to amend the pleadings, but that the deadline for fact discovery had passed, thus, the court would require the party seeking leave to amend to show "good cause" for the failure to comply with the scheduling order). If Defendant demonstrates good cause, the Court will then analyze the Motion under Rule 15(a).

---

[3] By order dated September 25, 2013, Judge Savage scheduled a Rule 16 preliminary pretrial conference and directed counsel to file a Report of the Rule 26(f) Meeting. Doc. No. 7. Judge Savage further directed counsel to follow his Policies and Procedures found on the Court's website. Doc. No. 7. Those Policies and Procedures inform counsel that the topics addressed at the initial pretrial conference will include those listed in Federal Rule of Civil Procedure 16(b). http://www.paed.uscourts.gov/documents/procedures/savpolb.pdf (last visited July 7, 2014). Rule 16(b) addresses scheduling, including the time to amend the pleadings. *See* Fed. R. Civ. P. 16(b)(3)(A).

[4] Consistent with his Policies and Procedures, Judge Savage issued a Rule 16 scheduling order at the conclusion of the pretrial conference. Doc. No. 13. The scheduling order set deadlines for all standard pretrial matters, including a deadline for amendments to the Complaint. *Id.* On January 14, 2014, Judge Savage issued an amended scheduling order, which again set deadlines for all standard pretrial matters. Doc. No. 31. While neither scheduling order provided an explicit deadline to amend the answer or add counterclaims, Defendant's Motion for Leave to Amend was filed two months after the amended scheduling order and just one week before the close of discovery.

## B. Analysis Under Rule 16(b)

Rule 16(b) restricts modifications to the court's scheduling orders. The Rule states that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause standard of Rule 16 requires diligence on the part of the party seeking to amend the pleadings. *See Chancellor v. Pottsgrove Sch. Dist.*, 501 F. Supp. 2d 695, 701-02 (E.D. Pa. 2007) (quoting Fed. R. Civ. P. 16, advisory committee note (1983)); *see also Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010) (finding no error with the district court's decision to apply the "good cause" standard and noting the district court explained that "Rule 16(b)(4) focuses on the moving party's burden to show due diligence") "[A] party is presumptively not diligent if, at the commencement of the lawsuit, the party knows or is in possession of the information that is the basis for that party's later motion to amend." *Chancellor*, 501 F. Supp. 2d at 702. However, a party may rebut this presumption and establish good cause by offering "a clear and cognizable explanation why the proposed amendment was not included in the original pleading." *Id.*

Here, Defendant seeks to amend the Answer to add three counterclaims, all of which are already pleaded as affirmative defenses in the original Answer. Def.'s Mem. of Law in Sup. of Mot. for Leave ("Def.'s Sup. Mem.") at 1; Doc. No. 46-2. Proposed counterclaim I seeks recovery of non-warranty repair costs;[5] proposed counterclaim II seeks a judgment declaring that one or more warranties is void due to Plaintiff's failure to make required non-warranty repairs;[6] and proposed Counterclaim III seeks a judgment declaring that certain leaks are not within the

---

[5] The fifteenth affirmative defense asserts that Plaintiff's "claims are barred by the doctrines of setoff and/or recoupment to the extent that [Defendant] has made or caused to be made repairs that were [Plaintiff's] responsibility under the Warranties." Answer at 16.

[6] The twelfth affirmative defense asserts that Plaintiff's "claims are barred, in whole or in part, insofar as any of the Warranties were voided by [Plaintiff's] failure to timely and properly make repairs not within the scope of Warranties." Answer at 16.

scope of the warranties.[7]  *See* Def.'s Mot. for Leave to File Am. Answer, Affirmative Defenses and Counterclaim, Ex. A.

Plaintiff contends that Defendant had sufficient knowledge at the time of the filing of the Answer to assert the counterclaims.  *See* Pl.'s Opp. at 2.  Plaintiff argues that Defendant concedes this point in its papers by pointing out that each of the proposed counterclaims is based on an affirmative defense previously pleaded in the Answer.  *See* Pl.'s Opp. at 2.  Defendant does concede that all three of its proposed counterclaims mirror affirmative defenses alleged in its Answer, but argues that it "properly deferred seeking affirmative relief on those grounds until it had determined from [Plaintiff's] own records whether and when [Plaintiff] performed the non-warranty repairs and routine maintenance that are [Plaintiff's] obligations under the warranties."  Def.'s Reply at 4.  Defendant explains its own records revealed a number of non-warranty leaks, but it required discovery from Plaintiff to determine what Plaintiff knew and what repair work Plaintiff had done.  *Id.*

Defendant contends that Plaintiff made a significant document production on March 10, 2014, when Plaintiff produced 12,000 pages of documents.  *Id*. at 5.  According to Defendant, documents within the March 10, 2014 production revealed that "[Plaintiff] was aware of numerous non-warranty repairs that were [Plaintiff's] responsibility, and indicated that [Plaintiff] had not made a number of the repairs that it was obligated to make, and had failed to make other repairs in a timely manner."  *Id*. at 5.  Defendant contends this information demonstrated that it had a "viable affirmative claim for damages" and showed that Plaintiff's failure to perform non-

---

[7] The fifth affirmative defense asserts that Plaintiff's claims are barred "by [Plaintiff's] failure to establish that any alleged leaks resulted from the causes described in the 'Terms of Coverage' section of the Warranties." Answer at 14; the sixth affirmative defense asserts that Plaintiff's claims are barred "insofar as the leaks on which [Plaintiff] bases its claims resulted from . . . [s]tructural movement or failure or movement of any material underlying the roofing membrane and base flashing . . . [and the] failure of Building owner to make repairs not covered under this Warranty . . . ." Answer at 14-15.

warranty repairs is an ongoing problem which voids one or more warranties. *Id*. at 5. Defendant claims that prior to the March 10, 2014 production, it was unaware of "the extent" to which Plaintiff had or had not performed non-warranty repairs and earlier documents did not reveal whether Plaintiff had knowledge of non-warranty leaks that it had not reported to Defendant. D. Newmann Decl. at ¶ 2, Doc. No. 49-1. Defendant identifies twelve documents that it relies on in support of its proposed counterclaims, all of which it received on or after March 10, 2014. *Id*. at ¶ 4.

Plaintiff does not dispute Defendant's assertion that it first received the twelve identified documents on or after March 10, 2014.[8] Instead, Plaintiff identifies other previously-produced documents that it claims reveal the same facts upon which Defendant now relies to assert its counterclaims. Specifically, Plaintiff points to the "Roof Leak Reports," which Plaintiff generated upon the occurrence of a leak and sent to Defendant with its request for warranty repairs. Pl.'s Opp. at 10. Thus, Plaintiff argues that "Defendant clearly was in possession of the information forming the basis of the Counterclaims on, at the latest, the date it filed its original Answer in January of 2014." *Id.* at 9.

Plaintiff's position is based on its interpretation that Defendant's proposed counterclaims are "based almost exclusively" on the allegation that leaks reported by Plaintiff were not within the scope of Warranties. Pl.'s Opp. at 10. Contrary to Plaintiff's interpretation, Defendant's proposed counterclaims are based on Plaintiff's conduct insofar as it allegedly had knowledge of non-warranty leaks and failed to perform non-warranty repairs. The twelve documents identified by Defendant, which were produced just nine days before Defendant filed the Motion to Amend, provide facts in support of the proposed counterclaims. Plaintiff has not identified documents

---

[8] Plaintiff's brief addresses some other aspects of discovery, but it does not address the March 10, 2014 production at all. *See* Pl.'s Opp.

produced earlier on those same issues; *i.e.*, Plaintiff's knowledge and it's alleged failure to perform its own maintenance and repairs that would have provided necessary evidentiary support for the proposed counterclaims.  Thus, Defendant has offered a clear and cognizable explanation why the proposed counterclaims were not included in the original pleading.[9]  Accordingly, Defendant's explanation establishes good cause to amend the scheduling order.

### C. <u>Analysis Under Rule 15(a)(2)</u>

The Court next considers the Motion to Amend under Rule 15.  Rule 15(a)(2) states that "[t]he court should freely give leave [for a party to amend its pleading] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Thus, the trial court has the discretion as to whether to grant or deny a request for leave to file an amended pleading.  *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971) ("It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court."); *see also Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272 (3d Cir. 2001) ("[A] motion for leave to amend a complaint [is] addressed to the sound discretion of the district court.")  The trial court must generally grant leave to amend "unless equitable considerations render it otherwise unjust." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  "In the absence of substantial or undue prejudice, denial [of a motion to amend] must be grounded in bad faith or dilatory motives, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment."  *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of V.I., Inc.*, 663 F.2d 419, 425 (3d Cir. 1981) (citing

---

[9] Plaintiff also argues that comments from defense counsel during a settlement conference with Magistrate Judge M. Faith Angell on February 10, 2014, indicate that Defendant was considering asserting counterclaims based on the same theories of liability supporting the proposed counterclaims.  Pl.'s Opp. at 10-11.  Even if the Court were to find that any such statements made during the settlement conference may be considered in resolving the present Motion, which it does not, any such statements are not dispositive of the issue.  Defendant is not arguing that it never considered asserting counterclaims; rather, Defendant argues that it did not have a sufficient factual basis to bring the specific claims it now raises until it had received documents from Plaintiff during discovery.

*Foman*, 371 U.S. at 182).  Given the liberal standard under Rule 15(a), "the burden is on the party opposing the amendment to show prejudice, bad faith, undue delay, or futility." *Chancellor v. Pottsgrove Sch. Dist.*, 501 F. Supp. 2d 695, 700 (E.D. Pa. 2007).

Plaintiff argues that Defendant's undue delay in asserting the proposed counterclaims would significantly prejudice Plaintiff.  Plaintiff also argues that the amendment would be futile. Pl.'s Opp. at 12-15.  The Court will address both of these equitable considerations in turn.

### 1. Prejudice Caused by Undue Delay

A trial court may deny leave to amend if a moving party's delay in seeking the amendment causes prejudice to the opposing party.  *Cureton*, 252 F.3d at 272.  "[D]elay alone is an insufficient ground to deny leave to amend."  *Id*. at 273 (citing *Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n.*, 573 F.2d 820, 823 (3d Cir. 1978)).  A prejudicial delay is one that places "an unfair burden on the opposing party."  *Id.* (citation omitted).  In determining whether the proposed amendment prejudices the non-moving party, the trial court "focus[es] on the hardship" to the non-moving party by considering "whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Id*. (citation omitted).

As outlined above, the parties began conducting discovery in November 2013 while Defendant's Motion to Dismiss was pending.  Pl.'s Opp. at 3.  On January 14, 2014, after deciding the Motion to Dismiss, Judge Savage issued an amended scheduling order.  Doc. No. 31.  Pursuant to that order, all fact discovery would end on March 28, 2014; the parties would complete on-site inspections and initial expert reports by April 25, 2014; and the parties would file motions for summary judgment by June 9, 2014.  *Id*.  On March 10, 2014, Plaintiff produced the twelve documents that Defendant relies on in support of its proposed counterclaims.  On

8

March 19, 2014, Defendant filed the present Motion. Doc. No. 46. On April 22, 2014, Chief Judge Petrese B. Tucker reassigned this case to the undersigned for all further proceedings, and on June 3, 2014, the Court granted the parties' joint request to suspend all scheduling deadlines. Doc. Nos. 50, 52. Thus, the record shows that Defendant filed its Motion within nine days of receiving the relevant documents and shortly before the close of fact discovery.

Plaintiff argues that it would be denied its right to a "just, speedy, and inexpensive" resolution of the action if it were forced to "defend against new theories of liability." Pl.'s Opp. at 12. Plaintiff explains that it would be required to undertake expensive travel to conduct additional depositions and would be forced to engage in additional motion practice to seek dismissal of the proposed counterclaims. *Id*. at 13. Defendant argues that Plaintiff cannot claim prejudice because fact discovery was ongoing at the time Defendant filed the Motion, and expert discovery had not yet begun. Def.'s Sup. Memo. at 3. Defendant also argues that there is no prejudice where the proposed counterclaims rely on largely or exactly the same basis as the original affirmative defenses. Def.'s Reply at 6-7 (citing *BDB & Sons Moving, Inc. v. Transguard Ins. Co.*, No. 08-3465, 2010 WL 4659155, at \*4 (E.D. Pa. Nov. 16, 2010)).

The Court is not persuaded that allowing Defendant's Amended Answer would deny Plaintiff its right to just, speedy, and inexpensive discovery. As Plaintiff acknowledges, Defendant's proposed counterclaims mirror the affirmative defenses that it originally asserted. Therefore, Plaintiff would have, and seemingly should have, already been developing a factual basis and legal theories to address the substance of the proposed counterclaims. Further, discovery in this case has not yet concluded, and the Court has suspended scheduling deadlines for dispositive motions. To the extent the proposed counterclaims are not barred by futility, this

Court will provide adequate time to conduct additional discovery and file appropriate motions to address the counterclaims.[10]

### 2. Futility of the Proposed Counterclaims

In assessing the "futility" the trial court applies the same standard of legal sufficiency used in Rule 12(b)(6) motions. *DiCicco v. Willow Grove Bank*, 308 F. Supp. 2d 528, 532 (E.D. Pa. 2004) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)). As such,

> [t]he trial court may thus deny leave to amend where the amendment would not withstand a motion to dismiss. *Massarsky v. Gen. Motors Corp.,* 706 F.2d 111, 125 (3d Cir. 1983)). Given the liberal standard for the amendment of pleadings, however, 'courts place a heavy burden on opponents who wish to declare a proposed amendment futile.' *Aruanno v. New Jersey,* No. 06–296, 2009 WL 114556, at *2 (D.N.J. Jan. 15, 2009)). 'If a proposed amendment is not clearly futile, then denial of leave to amend is improper.' 6 Wright, Miller & Kane, *Federal Practice & Procedure* § 1487 (2d ed. 1990).

*Synthes, Inc. v. Marotta*, 281 F.R.D. 217, 229 (E.D. Pa. 2012).

Plaintiff states that the Court should deny the proposed counterclaims as futile "where they cannot withstand a summary judgment motion, or where they fail to plead enough facts to state a claim to relief that is plausible on its face." Pl.'s Opp. at 14. Plaintiff argues that Defendant's proposed counterclaims rely on a "flawed factual premise – namely that Plaintiff improperly sought and received repair of a 'large number' of leaks . . . that were not covered by the terms of the Warranties." *Id.* Plaintiff asserts that Defendant's repair contractor, ARC Roofing Corporation, was actually responsible for investigating leaks and determining whether the Warranties covered the leaks. *Id.* Plaintiff also points out that Defendant's corporate

---

[10] Plaintiff also argues that it can establish prejudice because it meets the first three factors articulated in *Richter v. Pfundt*, No. 09-2604, 2009 WL 5064381, at *2 (E.D. Pa. Dec. 24, 2009) (Savage, J.). In *Richter*, Judge Savage determined that prejudice arises where the proposed amendment (1) asserts new claims, (2) would necessitate new discovery, (3) is not filed reasonably soon after the factual basis for the request was discovered, and (4) is filed after the parties filed summary judgment motions. Pl.'s Opp. at 12-13. Even if the Court evaluated the record under the factors enunciated in *Richter*, Plaintiff has not established prejudice because Defendant filed the Motion reasonably soon after the factual basis for the request was discovered and prior to the filing of summary judgment motions.

designee testified that there were only instances "here or there" of non-warranted repairs conducted on Plaintiff's property. *Id*. at 15.

Defendant argues that the Court should apply "the same standard of legal sufficiency as applied under Rule 12(b)(6)" and not apply the summary judgment standard in examining the futility of the proposed amendments. Def.'s Reply at 8-9; *see* Def.'s Sup. Mem. At 4 (asserting amendment is futile only if it fails to state a claim upon which relief can be granted). Defendant points out that in asserting that the Court should apply the summary judgment standard, Plaintiff has not even attempted "to argue that the proposed [c]ounterclaim fails to state a claim for which relief may be granted under Rule 12(b)(6)." Def.'s Reply at 9. Additionally, Defendant contends that it has set forth legally sufficient counterclaims because they are based on the express language of the Warranties, and it is merely seeking relief which it is entitled to if the leaks at issue are Plaintiff's responsibility. Def.'s Rep. Mem. At 4.

As explained above, the trial court applies the Rule 12(b)(6) standard of review to a futility amendment claim, and Plaintiff has incorrectly advocated for application of the standard of review applicable to motions for summary judgment. The Court's determination as to the applicable standard of review is particularly pertinent here because Plaintiff's futility arguments focus on evidentiary issues relating to the merits of the proposed counterclaims.[11] Such challenges are more appropriately raised at trial or in a motion for summary judgment, and the Court will not consider them here.

---

[11] Plaintiff's arguments focus on whether or not Plaintiff improperly sought and received repair of leaks that the Warranties did not cover. Pl.'s Opp. at 14. Plaintiff believes that the facts will show that it was not responsible for determining coverage under the Warranties, and/or that the Warranties covered all leaks repaired. *Id*. at 15.

11

After applying the Rule 12(b)(6) standard of review to the proposed counterclaims,[12] the Court does not find Defendant's proposed counterclaims to be obviously futile.[13] Accordingly, Defendant's Motion will be granted.

An appropriate order follows.

BY THE COURT:

*/s/ Edward G. Smith*
EDWARD G. SMITH, J.

---

[12] A motion to dismiss under Rule 12(b)(6) tests "the sufficiency of the allegations contained in the complaint." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (citation omitted). In general, a complaint is legally sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The touchstone of [this] pleading standard is plausibility." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

[13] Proposed counterclaim I seeks recovery of costs to repair leaks the Warranties did not cover. Def.'s Mot., Ex. A at 17-22. While not briefed by the parties, this counterclaim appears to assert a claim for unjust enrichment. To state a claim for unjust enrichment under Pennsylvania law, the plaintiff (in this case, the counterclaim plaintiff) must demonstrate that: (1) it conferred a benefit on the (counterclaim) defendant, (2) the (counterclaim) defendant appreciated the benefit, and (3) the (counterclaim) defendant accepted and retained the benefit under circumstances that would make it unequitable to retain it without paying for its value. *See EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 273 (3d Cir. 2010); *Stoeckinger v. Presidential Fin. Corp. of Del. Valley*, 948 A.2d 828, 833 (Pa. Super. 2008). Accepting as true the allegation that Defendant paid for the costs to repair leaks that were not within the scope of the Warranties and drawing an inference that Plaintiff at least passively retained a benefit, the first two elements are met. The third element requires a factual analysis to determine whether the circumstances constitute an inequity, which is not appropriate at this stage of the proceedings.

Proposed counterclaims II and III seek declaratory relief concerning the scope and application of the Warranties. According to Defendant, these claims are based on the express language of the Warranties. Plaintiff does not dispute the existence of the Warranties. Thus, accepting as true Defendant's allegations that reported leaks resulted from causes not within the scope of the Warranties and that Plaintiff's acts or failure to act caused some of those leaks, declaratory relief concerning the parties' rights and obligations under those Warranties is not futile.